IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MYRON RUSSELL,** | |
| Plaintiff, | |
| v. | Case No. 16-cv-09644 |
| **LEO HAWKINS,** | Judge Mary M. Rowland |
| Defendant. | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Myron Russell brings suit against Defendant Leo Hawkins, a former United States Drug Enforcement Agency ("DEA") officer, alleging that the officer used excessive force against him in violation of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Before the Court is Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 4(m).[1] [78] For the following reasons, Defendant's motion is granted.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and the exhibits attached to Defendant's motion to dismiss.[2] On December 7, 2014, Defendant Agent Hawkins and other federal agents attempted to detain Plaintiff Myron Russell in his

---

[1] Defendant does not identify the federal rules under which he seeks dismissal of Plaintiff's complaint, but his arguments are based on FRCP 12(b)(6) and 4(m).

[2] Defendant's exhibits are transcripts and pleadings from Plaintiff's state criminal trial which arose out of the same incident involved in the present suit. The Court takes judicial notice of these exhibits. *See Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (Although a Court ordinarily may not consider extrinsic evidence when deciding a motion to dismiss, the Court may take judicial notice of "proceedings in other courts, both within and outside of the federal system, if the proceedings have a direct relation to matters at issue.") (internal quotations omitted).

1

car as part of a narcotics investigation. (Dkt. 1 at ¶¶ 6-7). During the course of this stop, Russell struck an officer, Agent Anthony Anglada, with his car and nearly struck Agent Hawkins. (Dkt. 79, Exhibit A at 186). Agent Hawkins fired his weapon at Russell, severely injuring him. (Dkt. 1 at ¶ 8). After being shot, Russell drove away without pursuit. (Dkt. 79, Exhibit A at 182).

The events of December 7, 2014 were the subject of a criminal prosecution and bench trial in 2019. Russell was found guilty of aggravated assault against Hawkins and aggravated battery against Agent Anglada. (*Id.* at 236-248). At trial, Russell maintained he did not know that the individuals who surrounded him were police officers and that Agent Hawkins fired at him *before* he struck Agent Anglada. (*Id.* at 180-82; 186-87; 198). In fear of his life and in light of the serious injury from the gun shot wound, Russell fled the scene and, in doing so, accidently hit Agent Anglada with his car and nearly hit Agent Hawkins. (*Id.*) In reaching its verdict, the state court rejected this version of events, finding instead that Russell intentionally and knowingly hit or nearly hit the officers with his car in an attempt to avoid arrest. (*Id.* at 243-44). The court concluded that Russell knew he was surrounded by police officers and that "[t]he firing by Special Agent Le[o] Hawkins … took place *after* … his partner, had been—fellow agent had been run over. It was an attempt to stop a person who had committed a very serious violation of the law, aggravated battery on the special agent." (*Id.* at 240-43) (emphasis added).

Russell moved for reconsideration or new trial, challenging the state court's determination that Agent Hawkins fired his weapon after Russell ran over Agent

2

Anglada. (Dkt. 79, Exhibit B at 7-8; Exhibit C). The state court declined to reconsider its verdict or order a new trial, stating that it stood by its previous determination that Agent Hawkins fired his gun only after Agent Anglada had been struck. (Dkt. 79, Exhibit B at 16-17).

Russell filed the present complaint on October 11, 2016, nearly three years before his convictions, alleging that Agent Hawkins fired a gun at him "without legal excuse or justification" which constituted the excessive force in violation of *Bivens*, 403 U.S. 388 (1971). (Dkt. 1 at ¶ 8).

## **LEGAL STANDARDS**

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (internal quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding

3

the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)).

## **ANALYSIS**

Defendant moves to dismiss Russell's complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994), arguing that Russell's excessive force claim implies the invalidity of his criminal convictions for aggravated battery and assault. In *Heck*, the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487. Although *Heck* involved a § 1983 action, the Seventh Circuit has applied its holding to *Bivens* actions. *See for example Allen v. Gibbons*, 176 F. App'x 671, 673 (7th Cir. 2006). The *Heck* rule is "grounded in the 'strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction'" and is designed to "prevent 'collateral attack on [a] conviction through the vehicle of a civil suit.'" *VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006) (quoting *id.* at 484). The relevant inquiry is not whether plaintiff challenges his criminal conviction, but whether the "allegations … are inconsistent with the conviction's having been valid." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). While "there is nothing inherently contradictory" about being found "guilty to aggravated battery of a peace officer and bringing a claim of excessive force[,] … if the plaintiff's factual claims in

4

the civil suit necessarily imply the invalidity of the criminal conviction, then *Heck* bars the civil suit." *Tolliver v. City of Chicago*, 820 F.3d 237, 243 (7th Cir. 2016).

Russell's claim for excessive force in this case relies on allegations inconsistent with his criminal convictions for aggravated battery and assault. To be guilty of aggravated battery and assault in Illinois, a person must act knowingly or intentionally. 720 ILCS 5/12-3; 5/12-2(c)(7). At trial, Russell attempted to show that his striking Agent Anglada and nearly striking Agent Hawkins with his car was unintentional because he was attempting to flee to safety after being shot by Hawkins. The major dispute at trial was whether Hawkins fired his weapon before or after Russell hit Agent Anglada with his vehicle. After considering all the evidence, the criminal trial court concluded that Hawkins fired his weapon *after* Russell had struck Agent Anglada with his vehicle, and consequently Russell's actions were intentional. The state court relied on the timing of the conduct (Russell striking Agent Anglada prior to Agent Hawkins shooting) in reaching its conclusion that Russell acted intentionally. Russell alleges in his *Bivens* complaint that Hawkins fired a gun at him "without legal excuse or justification." (Dkt. 1 at ¶ 8). In other words, Russell claims that he was fired at without provocation. This directly contradicts the state court's conclusion that Agent Hawkins fired at Russell with justification (after Russell hit Agent Anglada with his car) and implies the invalidity of Russell's conviction.

In *Tolliver v. City of Chicago*, the plaintiff pled guilty to aggravated battery of a peace officer under Illinois law, and later, brought an excessive force claim, arguing

that the police officers used deadly force against him without provocation. 820 F.3d at 240-41. The Seventh Circuit held that plaintiff's excessive force claim was barred by *Heck*, explaining that "if the finder of fact were to accept [plaintiff's] version of the event, [that] the officers shot at him as he sat impassively in his car, posing no threat to the officers," then he could not be guilty of aggravated battery because he did not act intentionally. *Id.* at 243-44. Similarly, in *Douglas v. Village of Palatine*, the court concluded that plaintiff's excessive force claim, alleging that "he carefully navigated his vehicle away from the police officers in an attempt to get to safety, and [an] Officer [ ], unprovoked, responded by firing at least two shots at him … necessarily impl[ied] the invalidity of" his previous conviction for aggravated assault with a motor vehicle. No. 17 CV 6207, 2020 WL 1469439, at *4 (N.D. Ill. Mar. 26, 2020) (granting defendant's motion to dismiss) (internal quotations omitted). *See also Garrett v. Needleman*, No. 16 CV 1062, 2017 WL 2973481, at *4 (N.D. Ill. July 12, 2017) ("In light of plaintiff's convictions for aggravated assault of a peace officer …, he cannot assert that defendants attacked him without provocation."); *Purnell v. McCarthy*, No. 14 C 2530, 2017 WL 478301, at *5 (N.D. Ill. Feb. 6, 2017) ("Plaintiff's steadfast insistence that he presented no danger to Defendants, and that they shot him without any justification for doing so, requires dismissal of that [excessive force] claim pursuant to *Heck*" because it contradicts his previous guilty plea to aggravated assault) (granting defendant's motion for judgment on pleadings).

As in these cases, Russell's claim that Agent Hawkins fired at him "without legal excuse or justification" necessarily implies the invalidity of his convictions for

6

aggravated battery and assault because it implies that he did not act intentionally in committing those acts. Russell argues that "[e]ven if one aspect of Plaintiff's claims may be incompatible with his conviction, if other aspects of his claims are consistent, those aspects of his suit must be allowed to proceed." (Dkt. 84 at 4). While that is true, Russell does not advance what those compatible aspects are. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived …."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule where a party fails to develop arguments related to a discrete issue …."). Moreover, Russell does not plead an alternative excessive force theory. Although a claim, for example, that Hawkins overreacted to Russell's conduct and applied an unreasonable degree of force, would be compatible with convictions for aggravated assault and battery, that is not what Russell alleges. *See e.g., Hemphill v. Hopkins*, No. 08 C 157, 2011 WL 6155967, at *2 (N.D. Ill. Dec. 12, 2011) ("*Heck* does not bar an excessive force claim if the plaintiff, putting aside any challenge to his conviction, proceeds on the theory that the degree of force applied was unreasonable under the circumstances."). Rather, Russell's excessive force claim is that "[i]n the course of th[e] investigation and without legal excuse or justification, Defendant Hawkins fired his weapon at [Russell], striking him and injuring him." (Dkt. 1 at ¶8). This claim is incompatible with his convictions for aggravated assault and battery and is thus barred under *Heck*.[3] Count I is dismissed. In light of the findings of the state trial court, this Court

---

[3] Because Russell's complaint must be dismissed on *Heck* grounds, the Court declines to consider Defendant's arguments that the complaint be dismissed on grounds of qualified immunity and

finds that this dismissal cannot be cured by re-pleading and therefore dismisses the case with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice.

E N T E R:

Dated: July 27, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

---

untimely service of process under FRCP 4(m). Relatedly, the Court declines to grant Plaintiff's request for attorney's fees and expenses incurrent in his attempts to make service on the Defendant. (*See* Dkt. 84 at 3).